**STATE of Minnesota, Plaintiff,**

**v.**

**Marion Sherman MUNNELL, Defendant.**

**No. C2–83–1620.**

Court of Appeals of Minnesota.

Dec. 21, 1983.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Erica Jacobson, Sp. Asst. Attys. Gen., St. Paul, John Dimich, County Atty., Grand Rapids, for plaintiff.

Philip Marron, Asst. State Public Defender, Minneapolis, for defendant.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ.

## OPINION

FOLEY, Judge.

This opinion clarifies the order of briefing in certification proceedings under Minn. R.Crim.P. 28.03 (effective August 1, 1983). We hold that the party whose requested ruling, position or motion was denied by the certifying trial court is the appellant and must file the first brief.

## FACTS

Defendant Munnell was charged with criminal vehicular operation, 1983 Minn. Laws, ch. 12, Sec. 1 (to be codified at Minn. Stat.Sec. 609.21(1)); and driving under the influence, 1983 Minn.Laws ch. 306, Sec. 1 (to be codified at Minn.Stat.Sec. 169.121(1)). At an omnibus hearing she moved for dismissal and for a ruling on a proposed jury instruction. The trial court, ruling from the bench, denied both. But, pursuant to Minn.R.Crim.P. 28.04, it certified for consideration by this court four questions raised by the motion to dismiss and the proposed jury instruction. Those substantive questions are not now before this court, and need not be discussed.

When it came to filing briefs for the certification proceeding the state and the defendant each took the position that the other was the appellant and was therefore required to file the first brief. The state filed a motion for an extension of time for filing its brief, pending determination of which party is the appellant in this case.

## ISSUE

The question raised by this case is which party is to be considered the appellant in a certification proceeding before the Court of Appeals.

## ANALYSIS

Minn.R.Crim.P. 28.03, outlines the procedures for certifying important or doubtful questions of law from a criminal proceeding to the Court of Appeals. The last sentence of Rule 28.03 states:

Unless otherwise provided by order of the appellate court, the filing and serving of briefs upon certification shall be as provided in Rule 28.04, subd. 2(3).

Rule 28.04 (Appeal by Prosecuting Attorney), subd. 2(3) states:

Briefs. Within fifteen (15) days of delivery of the transcripts, appellant shall file his brief with the clerk of the appellate courts together with proof of service upon the respondent. Within 8 days of service of appellant's brief upon him the respondent shall file his brief with said clerk together with proof of service upon the appellant. In all other respects the Minnesota Rules of Civil Appellate Procedure to the extent applicable shall govern the form and filing of briefs and appendices except that the appellant's brief shall contain a statement of the procedural history.

**572**

Since the title of Rule 28.04 refers only to prosecuting attorneys, Rule 28.03 could be interpreted to require that the state be the appellant in all certification proceedings. However, such an interpretation would be inconsistent with the facts. It would require the state to submit the first brief in cases where the defendant raised the issue, and the trial court denied defendant's position but certified the question for our consideration. It would be unreasonable to require the state to counter defendant's arguments without first having heard them, particularly since reply briefs are not ordinarily permitted in certification proceedings.

■ The state is not required to submit the first brief in *all* certification proceedings. Instead, the appellant will be determined on a case by case basis. The party whose requested ruling, position or motion was denied by the certifying trial court is the appellant and must file the first brief.

■ Trial courts should issue written orders with respect to their rulings on the questions certified. See, *State v. Wicks*, 258 N.W.2d 598, 600, n. 2 (Minn.1977). However, where, as here, a trial court rules from the bench without issuing a written order, the record should be examined to determine which party will be the appellant. If a trial court makes no specific ruling on questions it certifies, the state will be required to submit the first brief.

■ In this case, the trial court clearly denied the motion for dismissal and the proposed jury instruction which raised the questions certified for this court's consideration. So, defendant is the appellant and must submit the first brief.

### ORDER

1. The deadline for filing defendant's brief is extended until January 6, 1984.

2. As required by Minn.R.Crim.P. 28.04, subd. 2(3), the state must file its brief within eight days of service of defendant's brief.

3. The state's motion for extension of time to file is denied.