STATE of Minnesota, Respondent,

v.

James Phillip BERKELMAN, Appellant.

No. C9–83–559.

Supreme Court of Minnesota.

Sept. 21, 1984.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of the gross misdemeanor offense of driving with a blood alcohol concentration of .10 or more within 5 years of a prior conviction under the DWI statute,[1] and was sentenced by the trial court to 6 months in jail, with execution of the term stayed pending appeal. On appeal, defendant argues that the trial court erred in admitting evidence of his prior conviction because (a) a prior conviction is not an element of the offense of aggravated DWI and (b) in any event his offer to stipulate to the prior conviction eliminated the need for admitting the evidence. We hold that a prior conviction is an element of the offense of aggravated DWI, that the trial court erred in not letting defendant use the stipulation procedure to remove the element from consideration by the jury, but that the error was not prejudicial.

The prosecution was based on an act occurring shortly before midnight on May 29, 1982. A state trooper stopped defendant after observing defendant driving in a "very erratic" manner, "weaving" into the lane of oncoming traffic. After talking with defendant and observing multiple signs of intoxication, the officer arrested defendant. A blood test to which defendant consented revealed that his blood alcohol concentration at the time was .185.

The evidence of defendant's prior DWI conviction consisted of testimony by a deputy court clerk that defendant was convicted and sentenced for DWI in 1980. The prosecutor did not try to use the prior conviction improperly in either his opening or closing statement. The court gave the following cautionary instruction as part of its final instructions:

> Now, evidence has been introduced concerning an alleged prior conviction of the defendant for driving while under the influence. This evidence was received because I have ruled that such proof is an essential element of the offense charged in the complaint in this case. You may not consider this evidence as evidence that the defendant was driving or had an alcohol concentration of more than 0.10 in his blood on May 29th, 1982.

In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), we held that a prior misdemeanor DWI conviction based on an uncounseled plea of guilty cannot be used to convert a subsequent DWI offense into a gross misdemeanor absent a valid waiver of counsel on the record. We stated that whether a prior misdemeanor DWI conviction was based on an uncounseled plea and whether there was a valid waiver of counsel are legal issues to be decided by the trial court in a pretrial proceeding. We did not address the issue whether a prior conviction is an element of the gross misdemeanor offense. However, in stating that the issues of whether the prior conviction was uncounseled and whether counsel was properly waived should be decided by the

---

1. Minn.Stat. § 169.121, subd. 1 (1982), makes it a misdemeanor to drive while under the influence of alcohol or while one's blood alcohol concentration is .10 or more. Subdivision 3 (subsequently amended at Minn.Stat. § 169.121, subd. 3 (Supp.1983)), the penalty section, provides that a person who violates section 169.121 is guilty of a misdemeanor, then provides:

> The following persons are guilty of a gross misdemeanor:

> (a) A person who violates this section or an ordinance in conformity therewith within five years of a prior conviction under this section or an ordinance in conformity therewith; and
> (b) A person who violates this section or an ordinance in conformity therewith within ten years of two or more prior convictions under this section or an ordinance in conformity therewith.

trial court before trial, we also stated: "The burden [at the hearing] is then on the state, as we determined it to be in other constitutional challenges to the admissibility of evidence in *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 554, 141 N.W.2d 3, 13–14 (1965), to show that the contested evidence, in this case the prior conviction, was obtained consistent with constitutional requirements." 331 N.W.2d at 905. In other words, our opinion contemplated that the prior conviction would be admitted in evidence at the trial.

Defendant relies on a Wisconsin case, *State v. McAllister,* 107 Wis.2d 532, 319 N.W.2d 865 (1982). At issue in that case was whether the prior conviction is an element of the Wisconsin statute which makes it a misdemeanor for a person to drive while under the influence and provides for a harsher sentence if the person has a prior DWI conviction. The defendant argued that the prior conviction was an element of the offense and that the state should have been required to prove the prior conviction at trial. The Wisconsin Supreme Court rejected this argument, ruling that the statute did not change the nature of the crime if there was a prior conviction, but just provided a harsher penalty. 107 Wis.2d at 537, 319 N.W.2d at 868.

■ Our statute is different in that it changes the nature of the crime from a misdemeanor to a gross misdemeanor if the defendant has a prior conviction. It follows from this that the prior conviction is an element which the state must prove at trial and which defendant has a right to have a jury decide.

However, it does not follow that the defendant can do nothing to keep the potentially prejudicial evidence of his prior conviction from the jury.

In *State v. Davidson,* 351 N.W.2d 8 (Minn.1984), we held that in a prosecution of a defendant for being a felon in possession of a handgun, the trial court erred in refusing to accept a stipulation and let the defendant remove from the jury the issue of whether the defendant was a felon. We stated:

In *State v. Wiley,* 295 Minn. 411, 421, 205 N.W.2d 667, 675 (1973), we stated the general rule that a criminal defendant's judicial admission or offer to stipulate did not necessarily take away the state's right to offer evidence on a point but that "[c]ases may arise where unduly prejudicial evidence, which is without relevance beyond the defendant's judicial admission, should not be received." 205 N.W.2d at 675. The reason for the general rule is that a defendant should not be able to unilaterally control the issue of the need for relevant evidence by offering to stipulate, "particularly where the evidence sought to be excluded would bear in any way upon any other issues not covered by the stipulation." 2 D. Louisell & C. Mueller, Federal Evidence § 126 at 27 (1978).

. \* \* \* \* \* \*

Minn.R.Evid. 404(b) deals with the admission of other-crime evidence to prove relevant facts distinct from the general propensity of the accused to commit crimes. Rule 403 is the general balancing rule that trial courts must follow in deciding whether to admit relevant evidence that carries with it a danger of unfair prejudice. We believe that generally in a prosecution for being a felon in possession of a weapon the defendant should be permitted to remove the issue of whether he is a convicted felon by stipulating to that fact. In the vast majority of such cases the potential of the evidence for unfair prejudice clearly outweighs its probative value. However, the door should be left open so that in appropriate cases where the probative value of the evidence outweighs its potential for unfair prejudice, the evidence may be admitted. One such case might be where the facts underlying the prior conviction are relevant to some disputed issue, making the evidence admissible under Rule 404(b). Prior convictions would still be useable under Minn.R.Evid. 609 to impeach the defendant if he testified.

In this case the defendant's previous conviction of arson had very little rele-

vance to the issue of possession; at best, it is possible that the fact that he was a felon might conceivably explain why he acted so suspiciously when he saw the police and why he wanted to avoid being caught with the gun. Any limited relevance of the evidence to other issues was clearly outweighed by its potential for unfair prejudice, that is, the potential of the evidence for convincing the jury to find defendant guilty for the wrong reason.

The trial court concluded that it had no authority to grant defendant's motion * * *. As we have indicated, the correct approach under the Rules of Evidence in a case such as this one is to compare the potential of the evidence for unfair prejudice with the relevance of the evidence to issues other than the issue to which the stipulation relates. In this case we believe that the potential of the evidence for unfair prejudice clearly outweighed the relevance, if any, that the evidence had to other issues. The court should have granted the defendant's motion and should have instructed the jury to the effect that defendant had stipulated that under Minnesota law he was not entitled to possess a pistol and that therefore the jury should direct its attention to the

issue of whether or not the state had established beyond a reasonable doubt that he possessed the pistol, either actually or constructively. The error in this case, however, was not so prejudicial as to require reversal.

351 N.W.2d at 10-12.

 In the instant case the defendant in effect offered to waive his right to a trial by jury on one element of the offense and to judicially admit the existence of that element, thereby removing the issue from the case. He made his offer because he justifiably feared that the jury might impermissibly use its knowledge of his prior act of DWI in deciding whether he had driven under the influence at the time charged. Relying on the reasoning of *Davidson* we conclude that the trial court erred in refusing to let defendant remove the issue from the case.[2] As in *Davidson*, we conclude also that the error was not so prejudicial as to require a new trial.

Affirmed.

KELLEY, Justice (concurring specially).

I am disturbed by today's court holding that a criminal defendant's judicial admission or offer to stipulate to a prior DWI

---

**2.** The special concurrence argues that unless the jury is informed that a defendant charged under section 169.121, subd. 3(a), has a prior conviction, a risk exists that the jury will return a not guilty verdict simply because it believes that one element of the crime charged has not been proved. We disagree. By judicially admitting the existence of the element of the prior conviction, the defendant removes that issue from the case. The effect is that the case will be submitted to the jury as an ordinary DWI case. Since the jury will not know that a prior conviction is an element of the offense, there will be no risk that the jury will wrongly conclude that the element has not been proved.

The special concurrence also tries to distinguish this case from *Davidson*, arguing that the potential for unfair prejudice of refusing the stipulation is greater in the *Davidson* context. We believe that the opposite is true. When the jury is told that a defendant charged with the act of driving while under the influence has a prior conviction for driving while under the influence, the risk is considerable that the jury will use the evidence in determining whether the defendant is guilty of the charged act of

driving while under the influence. Evidence of a prior act of driving while under the influence is ordinarily not admissible against a defendant in a prosecution for driving while under the influence. Minn.R.Evid. 404(b); 22A C.J.S. *Criminal Law* § 691(40) (1961 & Supp.1984). The legislature's intent in enacting section 169.-121, subd. 3(a), was not to make it easier to convict a defendant of a second offense of driving while under the influence but to increase the penalty for a second such offense. If a defendant is willing to concede that he has a prior DWI conviction, we fail to see why the evidence, with its great potential for being improperly used, should be admitted, unless, of course, the evidence is admissible under Rule 404(b) as evidence relevant to some disputed issue.

As in *Davidson*, we emphasize that our decision should not be interpreted as a rejection of the general rule that a defendant's judicial admission or offer to stipulate does not take away the state's right to offer evidence on a point. Our decisions in *Davidson* and this case represent limited exceptions to the general rule.

conviction may deprive the state of offering evidence of the existence of that conviction and the jury from considering it in determining whether the accused has committed a gross misdemeanor in violation of Minn.Stat. § 169.121, subd. 3(a) (1982) (subsequently amended at Minn.Stat. § 169.121, subd. 3(a) (Supp.1983)). As the majority today holds, the prior conviction is an element of the offense. I disagree with its holding that an accused, by stipulation or admission of an element of this crime, can remove the element of prior conviction from consideration by the jury.

In most criminal jury trials, the complaint or indictment alleging the elements of the crime charged is read to the jury. *See* CRIMJIG 1.01 (1977). In a criminal trial, the state bears a heavy burden. The jury is admonished by court and counsel, usually several times, that the state has the burden of proving each element of the charged crime beyond a reasonable doubt. Unless the jury is informed either by the court or by the state introducing the judicial record of prior conviction, a risk exists that it will return a not guilty verdict simply because it believes one element of the crime charged has not been proved.

The general rule is that a criminal defendant's judicial admission or offer to stipulate does not necessarily deprive the state's right to offer evidence on an element of the crime. *State v. Wiley*, 295 Minn. 411, 205 N.W.2d 667 (1973). The reason for the rule, of course, is that an accused should not unilaterally control the issue of the need for relevant evidence. 2 D. Louisell & C. Mueller, Federal Evidence § 126 (1978).

The majority opinion relies upon our recent decision in *State v. Davidson*, 351 N.W.2d 8 (Minn.1984). In my view this reliance is not justified. Davidson was prosecuted under Minn.Stat. § 624.713 (1982), which makes it a felony for a person who has been convicted "of a crime of violence" to possess a pistol. While the conviction of a "crime of violence" is an element of the crime created by that statute, the potential for unfair prejudice to an accused is much greater in a prosecution under that statute than in a prosecution under section 169.121, subd. 3(a). "Crime of violence" involves a number of causes of criminal conduct. By necessity, the precise prior crime would have to be identified and the jury instructed that the prior crime was one "of violence." On the other hand, the prior criminal conduct relevant in a section 169.121, subd. 3(a) prosecution is a misdemeanor conviction of driving while under the influence of intoxicating beverages. All the state has to prove is that, in fact, the accused had a prior drunk driving conviction within the statutory time limits. The details and facts surrounding that prior conviction are normally irrelevant to a section 169.121, subd. 3 prosecution. Therefore, I would affirm the trial court's ruling in prohibiting the use of the stipulation procedure.

Nevertheless, in this case I concur in the result reached by the majority. Even if one accepts the court's conclusion that the trial court erred in refusing to permit the defendant to remove the issue of prior conviction from the case, the trial court's ruling here clearly was not prejudicial.