**STATE of Minnesota, Respondent,**

v.

**Gerald Earl BRAUN, Appellant.**

**No. C3–84–616.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., Greggory J. Woods, City Atty., St. Peter, for respondent.

Steven J. Meshbesher, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

**OPINION**

WOZNIAK, Judge.

CERTIFIED QUESTION: May the State offer to the jury evidence of defendant's prior D.W.I. conviction as an element of a gross misdemeanor prosecution under Minn.Stat. § 169.121 (1982)?

**I.**

Braun was charged with a gross misdemeanor under the enhancement provision of Minn.Stat. § 169.121, subd. 3(a) (1982) based on prior D.W.I. convictions. Braun is willing to stipulate to the prior convictions to remove them from jury consideration. The State insists on its right to present to the jury evidence of prior convictions notwithstanding the offer to stipulate.

In *State v. Berkelman,* our supreme court answered the question:

> We hold that a prior conviction is an element of the offense of aggravated DWI, that the trial court erred in not letting defendant use the stipulation procedure to remove the element from consideration by the jury, but that the error was not prejudicial.

\*　　\*　　\*　　\*　　\*　　\*

In the instant case the defendant in effect offered to waive his right to a trial by jury on one element of the offense and to *judicially* admit the existence of that element, thereby removing the issue from the case. He made his offer because he justifiably feared that the jury might impermissibly use its knowledge of his prior act of DWI in deciding whether he had driven under the influence at the time charged. Relying on the reasoning of *Davidson* we conclude that the trial court erred in refusing to

let defendant remove the issue from the case.

*State v. Berkelman,* 355 N.W.2d 394 (Minn.1984) (citing *State v. Davidson,* 351 N.W.2d 8 (Minn.1984)) (emphasis added).

■ Therefore, we hold that the trial court must accept the judicial admission, and let Braun remove from the jury the issue of whether Braun had prior D.W.I. convictions.

## II.

■ Before certification of questions of law to this court as important and doubtful, trial courts must decide the questions, *F. & H. Invest. Co. v. Sackman-Gilliland Corp.,* 305 Minn. 155, 158, 232 N.W.2d 769, 772 (1975); and issue written orders with respect to their rulings, *State v. Munnell,* 341 N.W.2d 570, 572 (Minn.Ct.App.1983). Although no such ruling was made by the trial court in this case, the question presented has been addressed. However, in all future cases, this court will neither accept nor answer certified questions which have not first been ruled on by the trial court. ,