STATE of Minnesota, Respondent,

v.

**Jack LeRoy CLARK, Appellant.**

**No. C3–84–843.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael Lynch, Kandiyohi County Atty., Ann M. Gustafson, Asst. County Atty., Willmar, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

PARKER, Judge.

Appellant Jack Clark was convicted after a jury trial of one count of second-offense D.W.I. under Minn.Stat. § 169.121, subd. 3(a) (1982), and the aggravated violation of driving after revocation under Minn.Stat. § 169.129 (1982). On appeal he contends the State failed to prove a valid waiver of counsel for his prior D.W.I., so that the prior conviction may not be used to convert the later D.W.I. offense into a gross misdemeanor. He also contends his prior conviction should not have been submitted to the jury and that he cannot be convicted of an aggravated violation because he never had a valid Minnesota driver's license. We affirm.

## FACTS

In December 1983 two county sheriffs found appellant sleeping in his vehicle, which was in a ditch on a county road. The ignition and headlights were on. Appellant had the usual signs of being intoxicated— watery and bloodshot eyes, odor of alcohol, and poor coordination. He was arrested and later refused to take a breath test.

Because he had pled guilty to D.W.I. in 1980 and his license had been revoked at that time, he was charged with second-offense DWI and the aggravated violation of driving after a revocation based on an alcohol-related offense. He was sentenced to one year in jail and a $1,000 fine. The court stayed execution of 11 months of the jail sentence on the condition that he successfully complete an inpatient alcohol treatment program and up to two years of an aftercare program.

## ISSUES

1. Did the State meet its burden of proving that appellant had waived his right to counsel before pleading guilty to a prior D.W.I. so that a subsequent D.W.I. may be converted into a gross misdemeanor?

2. Did the trial court err in submitting evidence of his prior D.W.I. conviction to the jury?

3. Can appellant be convicted of the aggravated violation for driving after revocation if he has never had a driver's license?

## ANALYSIS

### I

■ Appellant contends the State failed to prove that he validly waived his right to counsel before pleading guilty to the 1980 D.W.I. In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the court held that a prior misdemeanor D.W.I. conviction based on an uncounseled guilty plea cannot be used to convert a subsequent offense into a gross misdemeanor absent a valid waiver of counsel in the record. *Id.* at 905. The burden is on the State to show a valid waiver of appellant's right to counsel. *See id.; State v. Medenwaldt*, 341 N.W.2d 885, 887 (Minn.Ct.App.1984).

The State's evidence that appellant had waived his right to counsel before the 1980 plea consisted of appellant's signature on a petition to plead guilty, as provided in Minn.R.Crim.P. 15.03, subd. 2. On the day of trial appellant moved to dismiss the gross misdemeanor D.W.I. charge, arguing that the petition was insufficient to show that he had waived his right to counsel because the section requesting the factual basis for the plea was not completed. The prosecutor argued that the signed petition was sufficient and that the issue should have been raised at the omnibus hearing so the State would have had notice of his motion. The trial court found the petition to be a sufficient showing of waiver.

■ Initially, we note that *Nordstrom* issues should be raised and resolved at the omnibus hearing:

[W]hether a prior misdemeanor DWI conviction was based on an uncounseled plea and whether there was a valid waiver of counsel are legal issues to be decided by the trial court in a pretrial proceeding. *State v. Berkelman,* 355 N.W.2d 394, 395 (Minn.1984). The motion should be made in writing and served upon opposing counsel at least three days before the omnibus hearing. Minn.R.Crim.P. 10.04; *State v. Medenwaldt,* 341 N.W.2d at 888.

■ As for the merits of appellant's claim, Rule 15.03 provides that in misdemeanor cases the defendant may submit a petition to plead guilty in lieu of an appearance and interrogation by the judge:

The defendant or his attorney may file with the court a petition to plead guilty as provided for in the Appendix B to Rule 15 signed by the defendant indicating that he is pleading guilty to the specified misdemeanor offense with the understanding and knowledge required of defendants personally entering a guilty plea under Rule 15.02.

Minn.R.Crim.P. 15.03, subd. 2. The petition signed by appellant complies with the requirements of Rule 15.02 except that the factual basis for the plea is not completed. If appellant had raised this issue in a timely manner at the omnibus hearing, he could have testified about the circumstances under which the plea was accepted, and the State would have had the opportunity to search for additional records in the county where the plea was taken. We hold that the signed petition is a prima facie showing of a valid waiver of counsel. The trial court correctly ruled that appellant waived his right to counsel, so that the prior D.W.I. conviction could be used to convert the current offense into a gross misdemeanor.

A recent decision by this court held that an inadequate inquiry into the factual basis for the plea may, under the Rules of Criminal Procedure, prevent enhancement of a second D.W.I. into a gross misdemeanor. In *State v. Stewart,* 360 N.W.2d 463 (Minn.Ct.App.1985), the defendant was given a group advisory of his constitutional rights. The trial court failed to elicit on the record the location or date of his arrest and the result of his blood-alcohol test. This court held that the inquiry into the factual basis was inadequate because

the combination of a group advisory * * and a defendant unrepresented by an attorney * * * calls for * * * [close] scrutiny.

*Id.* at 465. *Accord State v. Hanson,* 360 N.W.2d 460 at 461 (Minn.Ct.App.1985) (the closest scrutiny is required when the defendant does not have an attorney and is given the group advisory).

In the present case, as noted above, appellant could have presented evidence regarding the circumstances under which the plea was taken if he had raised the issue in a more timely manner. No scrutiny of those circumstances was possible at all because of his tardiness in presenting the issue. In addition, although he did not have an attorney, he was not given a group advisory but signed a petition stating that he understood the listed rights. This situation does not require the "close scrutiny" of *Stewart* and *Hanson.* We decline to hold that failure to complete the factual basis on the petition will prevent enhancement of appellant's second offense into a gross misdemeanor.

## II

■ Appellant also argued immediately before trial that evidence of the prior conviction and revocation should be inadmissible because of the danger of prejudice. He argued that he would not stipulate to the conviction or revocation because the trial court should determine the existence of these elements as a matter of law. The trial court admitted certified copies of both the conviction and revocation on the ground that they are elements of the crimes charged.

In *State v. Berkelman,* 355 N.W.2d 394 (Minn.1984), the court held that a prior conviction is an element of aggravated D.W.I. *Id.* at 395. However, the court also held that the defendant may remove

that issue from the jury by judicially admitting it in order to avoid prejudice:

> [T]he defendant in effect offered to waive his right to a trial by jury on one element of the offense and to judicially admit the existence of that element, thereby removing the issue from the case. He made his offer because he justifiably feared that the jury might impermissibly use its knowledge of his prior act of DWI in deciding whether he had driven under the influence at the time charged. * * * [W]e conclude that the trial court erred in refusing to let defendant remove the issue from the case.

*Id.* at 397. *See also State v. Braun,* 354 N.W.2d 886–87 (Minn.Ct.App.1984) (the trial court must accept the judicial admission of a prior D.W.I. and let the defendant remove from the jury the issue of whether he had prior D.W.I. convictions).

The effect of a judicial admission of this sort is that the case is submitted to the jury as an ordinary D.W.I. case. *Berkelman,* 355 N.W.2d at 397 n. 2. Since the jury will not know that a prior conviction is an element of the offense, there will be no risk that the jury will wrongly conclude that an element of the crime charged has not been proved. *Id.*

■ Appellant contends that he "essentially" offered to stipulate to the prior conviction and revocation, so that the trial court should have allowed him to remove these issues from the jury. We will not look for error when it does not clearly exist. Under our reading of *Berkelman* an unequivocal, on-the-record offer to judicially admit the prior conviction is required. The trial court did not clearly err in refusing to remove evidence of the prior conviction or revocation from the jury.

### III

■ Appellant further contends that he cannot be convicted of the aggravated violation. He argues that because he never had a valid driver's license, he cannot be convicted of any driving-after-revocation charge. The State contends he did have a driver's license.

The aggravated violation statute provides that any person who operates a vehicle "before his driver's license or driver's privilege" has been reinstated after being revoked for a D.W.I. or refusal to take a breath test is guilty of a gross misdemeanor. *See* Minn.Stat. § 169.129 (1982). A driver's license is defined in Minn.Stat. § 171.01, subd. 14 (1982), as:

> any operator's license or any other license or permit to operate a motor vehicle issued or issuable under the laws of this state * * * including:
>
> * * * * * *
>
> (b) *The privilege of any person to drive a motor vehicle whether or not such person holds a valid license* * * *.

(Emphasis added).

Appellant's privilege to drive was revoked and was not reinstated, even if he never had a valid license. He may be convicted under Minn.Stat. § 169.129 of the aggravated violation.

### DECISION

Affirmed.