**STATE of Minnesota, Respondent,**

v.

**Michael Carlton ELIASON, Appellant.**

**No. C3–84–1295.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Lynch, Willmar, for respondent.

John D. Holbrook, Willmar, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On December 10, 1983 about 1:00 a.m. a Kandiyohi County deputy sheriff observed an unattended automobile stuck in a ditch. Appellant Michael Eliason was observed walking approximately three-fourths of a mile from the vehicle. Upon questioning, appellant confirmed he was the operator of the vehicle. He initially said the car was ditched because he ran out of gas. Then he claimed he pushed the car in the ditch. Finally, he admitted driving the car into the ditch. The officer noted numerous signs of intoxication including the odor of alcohol on appellant's breath, bloodshot and watery eyes, and a swaying motion while he stood. Appellant was arrested for D.W.I. and a subsequent breathalyzer test revealed a .13 alcohol concentration.

At trial, appellant claimed he drove the car into the ditch and then began walking to his girlfriend's house. He said he took an eight ounce bottle of schnapps from the trunk and consumed the beverage while walking. The jury convicted appellant of gross misdemeanor D.W.I. under Minn. Stat. § 169.121, subds. 1(a), (d), 3(a) (Supp. 1983).

Appellant claims the trial court erred by allowing a prior April 1, 1983 D.W.I. conviction to be presented to the jury as an element of his current offense because he was willing to stipulate the former conviction existed.

### DECISION

1. The Minnesota Supreme Court in *State v. Berkelman*, 355 N.W.2d 394 (Minn.1984), said while it may have been error for a trial court to reject appellant's offer to stipulate to the prior conviction, the error was not so prejudicial as to require a new trial. The trial court decided this matter before *Berkelman*, and we do not believe the trial court's error was so prejudicial as to require a new trial. In cases tried subsequent to *Berkelman*, however, trial courts are required to accept such stipulations. *See State v. Braun*, 354 N.W.2d 886, 887 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Sept. 13, 1984).

2. Appellant contends the evidence was insufficient to sustain his conviction. The officer's testimony, which the jury was entitled to believe, is sufficient to sustain appellant's conviction. The jury was entitled to reject appellant's claim he drank a bottle of schnapps only after the car was in the ditch. Based on the officer's testimony of the indicia of intoxication and the results of the breathalyzer test, the jury could find appellant was intoxicated when he drove into the ditch.

Affirmed.