**STATE of Minnesota, Respondent,**

v.

**Bernard NYLUND, petitioner, Appellant.**

**No. CX-84-2119.**

Court of Appeals of Minnesota.

July 9, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Kent E. Nyberg, Keewatin City Atty., Grand Rapids, for respondent.

Manuel H. Stein, Hibbing, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and WOZNIAK, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Bernard Nylund was convicted of the misdemeanor charge of driving under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1 (1984). He was sentenced to 90 days in the county jail and a $700 fine. Imposition of 60 days was stayed on condition Nylund complete a chemical dependency evaluation and treatment, if recommended, pay the fine, complete one year unsupervised probation, during which he must abstain from alcohol and avoid establishments selling alcohol, and remain law abiding.

Nylund argues the trial court should have excluded evidence of three prior open bottle convictions and that his sentence was excessive. We reverse and remand for a new trial.

### FACTS

Keewatin Police Officer Keith Geisen testified he saw Nylund at 1:30 a.m. on April 8, 1984, drive onto the sidewalk in front of the Moose Club in Keewatin, then back up and drive forward again and stop with the right rear end of his car on the sidewalk. Nylund was unable to remove his license from his wallet on request and had trouble standing. His walk to the squad car was unsteady, he could not open the door, his eyes were bloodshot and watery, his breath smelled of alcohol, and his speech was slurred.

Nylund was taken to a hospital for a blood test but could not get out of the squad car when they arrived. When Geisen attempted to help Nylund he was kicked in the groin. Nylund was then taken to the county jail, where he continued to be belligerent, and threatened Geisen. Two highway patrol officers and the jailer on duty that night testified Nylund appeared to be intoxicated.

Nylund's version of the arrest differed. He testified he and his son-in-law worked on Nylund's car on Saturday. On a test drive to Keewatin, they had car trouble and towed Nylund's car into Keewatin. The

tow chain broke and they had to push the car to the curb where it ended partially on the sidewalk and could not be started.

Nylund testified he had not been drinking before he drove to Keewatin, but stayed in town and had "about seven" brandy and water drinks. He claimed he was in the Moose Club when Officer Geisen came in, looking for the owner of the car parked on the sidewalk.

A customer at the Moose Club testified Nylund was not in the bar that night but when she left with a bartender about 1:30 a.m., she saw Nylund and Officer Geisen. The bartender confirmed she saw the car parked on the curb around 1:30 in the morning and said Geisen never came into the bar to ask about the parked car.

Nylund admitted he "used to spend a lot of time drinking in Keewatin" after getting off work but insisted he was not an excessive drinker or an alcoholic. The State then received permission to question Nylund about prior misdemeanor open bottle convictions. Nylund admitted the convictions and explained the surrounding circumstances.

Nylund was convicted and he appeals. We granted discretionary review of his sentence.

## ISSUES

1. Did the trial court err by permitting testimony of the defendant's three prior misdemeanor open bottle convictions?

2. Was the sentence proper?

## ANALYSIS

### I

■ By voluntarily testifying in his own behalf, Nylund opens up only the issue of his credibility, not his general character. The parties agree the three misdemeanor open bottle convictions are not admissible to impeach Nylund's credibility. While credibility was a crucial issue in this case, only felonies or crimes involving dishonesty or false statement may be so used. Minn. R.Evid. 609(a). Evidence of defendant's character or a character trait, however, is admissible to rebut an assertion made by the defendant concerning a relevant character trait. Minn.R.Evid. 404(a)(2). Nylund testified he had nothing to drink before he drove to Keewatin and that he was not an alcoholic or excessive drinker.

■ Nylund's testimony that he is not an excessive drinker or a problem drinker does not put his character in issue. In *State v. Flowers*, 262 Minn. 164, 114 N.W.2d 78 (1962) the State attempted to introduce evidence of other assaults to impeach the defendant's denial of a propensity to fight. In reversing the conviction, the supreme court stated:

> [A] sweeping denial of the defendant's propensities to fight cannot under any circumstances be used by the prosecution as an invitation to put defendant's character in issue by introducing specific acts of misconduct under the guise of impeachment.

*Id.* at 170, 114 N.W.2d at 82; *State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973) (denial by defendant that he did a particular kind of act is insufficient to put his character into issue).

■ The introduction of the three prior "open bottle" violations could not fail to prejudice the jury. The supreme court has long recognized the hazards of character evidence in such circumstances.

> First, there is the possibility that the jury will convict a defendant in order to penalize him for his past misdeeds or simply because he is an undesirable person. Second, there is the danger that a jury will overvalue the character evidence in assessing the guilt for the crime charged. Finally, it is unfair to require an accused to be prepared not only to defend against immediate charges, but also to disprove or explain his personality or prior actions.

*State v. Loebch*, 310 N.W.2d 58, 63 (Minn. 1981); *see State v. Berkelman*, 355 N.W.2d 394, 397 n. 2 (Minn.1984) (risk is considerable that the jury will use evidence of prior conviction for driving while under the influence in determining whether the defendant

is guilty of the charged act of driving while under the influence).

## II

Because we conclude the trial court erred and are remanding for a new trial, we need not address the propriety of the sentence.

## DECISION

The trial court erred by admitting evidence of Nylund's prior misdemeanor convictions to rebut assertions of Nylund's character.

Reversed and remanded for a new trial.