STATE of Minnesota, Respondent,

v.

Joseph Edgar MARTY, Appellant.

No. C4–85–666.

Court of Appeals of Minnesota.

Nov. 12, 1985.

Review Denied Jan. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Clinton & O'Gorman, P.A., Michael C. Hutchinson, Cottage Grove, for respondent.

Irving Shaw, Ltd., Irving Shaw, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Criminal defendant appeals his conviction, claiming that he was denied a fair trial. We agree, and reverse and remand for a new trial.

## FACTS

The appellant, Joseph Marty, has a long record of alcohol-related driving offenses. On August 9, 1984, at about 1:30 a.m., appellant entered the house of his es-

tranged wife in violation of a restraining order.

Appellant's wife, Ann Marty, called the Cottage Grove police to complain. She told the police dispatcher that her husband was at her house in violation of the restraining order. While they were speaking, appellant left the house. Ann Marty saw a car leave the driveway, but did not notice what kind of car it was or whether appellant was actually driving. She assumed that appellant had driven away in a green and white Oldsmobile. This information was relayed to two Cottage Grove police officers who proceeded toward the house.

The facts from this point on are in controversy. Appellant and his friend, Gary Hartung, admitted that they had been drinking, but they both stated that Hartung drove all night. They testified that after Ann Marty called the police, appellant approached Hartung and told him that the police were coming so he should leave. Hartung left and appellant walked over to his parent's house which was just down the street.

Appellant testified that he went into the house and then went back outside and sat in the green and white Oldsmobile to watch the police come to his wife's house. He stated that he did not even have the car keys with him when the police approached and arrested him. He claims that the police did not even mention any driving offenses until five days later.

The officers' testimony of the events is quite different. They stated that as they drove towards Mrs. Marty's house they saw a car driving towards them on the other side of the street. When they were a block or two away from the car, it drove in front of them and into appellant's parent's driveway. At that time they noticed that the car was a green and white Oldsmobile. The officers stated that they saw appellant step out of the car through the driver's door. They stopped their cars, approached appellant, and after noting his intoxicated behavior, they arrested him.

Appellant was charged with four counts —DWI, aggravated DWI, gross misde-

meanor DWI, and driving after revocation of his license (DAR). On December 14, 1984, the jury found appellant guilty on all four charges.

Defendant appeals, claiming that he was denied a fair trial, that the evidence did not support the verdict, and that his sentence was unreasonably harsh. Because we agree that he was denied a fair trial, we will not discuss the other claims except to say they are meritless.

## ISSUE

Did the trial court commit reversible error when it admitted into evidence an edited version of appellant's driving record even though appellant offered to stipulate to the relevant prior violations?

## ANALYSIS

The right to a fair trial is one of the most fundamental rights of American jurisprudence. *See Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). This right is protected by both the United States Constitution and the Minnesota Constitution. *State v. Reardon*, 245 Minn. 509, 513–14, 73 N.W.2d 192, 195 (1955). This right, however, does not guarantee a perfect trial, but only one in which prejudicial errors do not substantially influence the jury. *State v. Billington*, 241 Minn. 418, 427, 63 N.W.2d 387, 392–93 (1954).

To prove the gross misdemeanor DWI charges, the State had to prove that appellant had been convicted of another DWI within the past five years. Minn.Stat. § 169.121, subd. 3 (a) (1984); *State v. Berkelman*, 355 N.W.2d 394, 396 (Minn.1984). To prove the DAR charge, the state had to prove that appellant was driving after his license had been suspended. Minn.Stat. § 171.02, subd. 1 (1984). The State offered to introduce appellant's driving record to establish these facts.

Appellant's counsel objected to this evidence and a rather lengthy discussion ensued. Appellant's counsel stated that appellant would stipulate to his prior of-

fenses. Therefore, he felt that the driving record was irrelevant and highly prejudicial because it showed that appellant had over ten alcohol-related prior offenses. The trial court agreed that the entire record was prejudicial, but decided that the parties could not stipulate to an element of the offense. The court therefore allowed the State to introduce a copy of the record with the less recent charges deleted. Appellant contends that the trial court erred in admitting this evidence. We agree.

■ Both this court and the Minnesota Supreme Court have recognized the potential prejudicial effects of a defendant's driving record in cases like the present one. As the supreme court stated in *Berkelman*,

> [w]hen the jury is told that a defendant charged with the act of driving while under the influence has a prior conviction for driving under the influence, the risk is considerable that the jury will use the evidence in determining whether the defendant is guilty of the charged act of driving while under the influence.

*Berkelman*, 355 N.W.2d at 397, n. 2.

Because of this prejudicial effect, the *Berkelman* court held that defendants should be allowed to keep their driving record from the jury by judicially admitting the prior offenses. *Id.* at 397. In *State v. Braun*, 354 N.W.2d 886, 887 (Minn.Ct.App. 1984), this court stated that "the trial court must accept the judicial admission, and let [defendant] remove from the jury the issue of whether [defendant] had prior D.W.I. convictions." Furthermore, in *State v. Eliason*, 361 N.W.2d 103, 104 (Minn.Ct.App. 1985), this court stated that "[i]n cases tried subsequent to *Berkelman*, * * * trial courts are required to accept such stipulations." *Berkelman* and *Braun* were decided prior to this trial. Nevertheless, the trial court admitted the evidence despite the fact that appellant was willing to stipulate to his prior offenses. We hold that this was error.

■ The State contends that the trial court acted properly because prior to trial, appellant failed to make an unequivocal, on-the-record offer to judicially admit the prior offenses. In *State v. Clark*, 361 N.W.2d 104, 108 (Minn.Ct.App.1985), this court explicitly required "an unequivocal, on-the-record offer." However, neither this court nor the supreme court has held that this offer must occur prior to trial. In the present case, appellant's counsel clearly stated during the trial that appellant would "acknowledge that he had a prior D.W.I. and that he didn't have a valid driver's license on the occasion of August 9, 1984." We hold that this was sufficient under *Clark.*

■ The State also contends that because appellant did not object to the introduction of the edited version of the record, he cannot make the objection on appeal. However, the record shows that appellant's counsel vehemently protested when the State first offered the driving record into evidence. Although appellant did not object to the evidence when it was later entered into evidence, it seems clear that his earlier objection was a continuing objection. The court stated that appellant has "a right to be reserved on the matter." Therefore, we hold that the issue is properly before this court and that the trial court did err in its ruling.

■ Although the *Berkelman* case held that the trial court should allow a defendant to keep out his driving record, the supreme court did not reverse the trial court because it felt that the error was not so prejudicial as to require a new trial. *Berkelman*, 355 N.W.2d at 397. For two reasons we feel that the error in this case was prejudicial so as to require a new trial. First, the witnesses' testimony conflicted greatly in the present case, so the credibility of the witnesses was crucial. The prejudicial effect of the driving record could easily have swayed the jury into disbelieving appellant's and his friend's testimony. Second, because appellant's driving record was extremely long, it was also very prejudicial. Although the trial court did blank out some of the offenses, the jury could very easily have concluded from this edited

version that appellant's driving record was extremely long. Therefore, we hold that because of this prejudicial evidence, appellant was denied a fair trial.

### DECISION

Because we hold that the trial court prejudicially erred in admitting into evidence appellant's driving record after appellant stated that he would admit to his prior offenses, we reverse and remand for a new trial.

Reversed and remanded for a new trial.