*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2044**

State of Minnesota,
Respondent,

vs.

Dustin Alan Edsill,
Appellant.

**Filed October 26, 2015
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-CR-14-10645

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Johnson, Judge; and Kirk, Judge.

**KIRK**, Judge

Appellant challenges his convictions for felony violation of an order for protection (OFP) and felony violation of a domestic abuse no contact order (DANCO).  Appellant argues that: (1) the district court erred in admitting relationship evidence at trial; (2) his waiver of his jury-trial rights on a stipulated-to previous-conviction element was inadequate; (3) there was insufficient evidence to support the jury verdict finding him guilty of a felony DANCO violation; and (4) the cumulative effect of these errors deprived him of a fair trial.  We affirm.

**FACTS**

Appellant Dustin Alan Edsill was involved in a rocky, on-again, off-again relationship with C.E. for nine years.  On October 23, 2012, the district court granted C.E. a two-year OFP on behalf of herself and the minor children against appellant.  In the order, the district court found appellant had committed an act of domestic abuse against C.E. when he "kicked [C.E.] in the back while her children were present."  On December 11, 2013, the district court issued a DANCO prohibiting appellant from having any contact, either direct or indirect, with C.E.

On May 26, 2014, appellant made a recorded phone call to his mother while he was incarcerated.  Appellant's mother told him that it was C.E.'s birthday and that he should call back in 45 minutes.  Appellant made a second recorded phone call to his mother, and C.E. picked up the phone.  During their conversation, appellant requested

that C.E. remove the "restraining order." The following day, C.E. contacted appellant's probation officer and reported that appellant had contacted her.

On August 27, respondent State of Minnesota filed an amended complaint charging appellant with one felony count of violating an OFP with two qualified domestic-related offense convictions within ten years, and one felony count of violating a DANCO within ten years of the first of two or more convictions. A two-day jury trial was held. Prior to voir dire, the district court questioned appellant regarding whether he wanted to stipulate to the prior offenses.

> [DISTRICT COURT]: Is there – the parties stipulate to the prior convictions?
> [APPELLANT]: I don't understand.
> [DISTRICT COURT]: That means the jury doesn't hear about them. They're not going to think highly of you if they hear that you've been convicted of priors. So all they're going to know is that they're deciding whether – beyond a reasonable doubt whether you violated the DANCO with two phone calls from the jail and whether you violated the Order for Protection. And it's the same behavioral act. You can't be punished for both. Do you understand?
> [APPELLANT]: (Nodding).
> [DISTRICT COURT]: It's just two ways of charging it. It's not – it's not that you're looking at double – a double penalty.
> So there'll be a stipulation to the priors.

Shortly thereafter, the prosecutor requested that appellant's counsel "go through the priors with [appellant] so that detail is on the record." Appellant stipulated to the following offenses:

> [APPELLANT'S COUNSEL]: [Appellant], on December 11, 2013[,] you were convicted of felony domestic assault for an occurrence that happened on October 15, 2012, in Scott County, [S]tate of Minnesota?
> [APPELLANT]: Yes, sir.

3

[APPELLANT'S COUNSEL]: And, [Appellant], on May 3 – sorry, on December 23, 2009[,] you were convicted in Rice County, [S]tate of Minnesota, of assault – two counts of fifth degree assault against two different individuals?
[APPELLANT]: Yes.
[APPELLANT'S COUNSEL]: And the date of the offense was May 3, 2009?
[APPELLANT]: Yes.
[APPELLANT'S COUNSEL]: Nothing further.

During trial, unredacted copies of the 2012 OFP and 2013 DANCO were admitted into evidence, and appellant's counsel stated that he did not object to the admission of either order into the record. C.E. also testified that the district court granted her the 2012 OFP against appellant, as well as a DANCO. The previous-convictions elements were not presented to the jury. At the conclusion of the trial, the district court gave the jury a cautionary instruction on the record that the conduct described in the OFP was offered for the limited purpose of demonstrating the nature and extent of the relationship between appellant and C.E. The jury convicted appellant on both counts. The district court sentenced appellant to 24 months in prison.

This appeal follows.

**D E C I S I O N**

I.    **The district court did not err by admitting relationship evidence at trial.**

This court reviews the district court's admission of relationship evidence for an abuse of discretion. *State v. Lindsey*, 755 N.W.2d 752, 755 (Minn. App. 2008), *review denied* (Minn. Oct. 29, 2008). But when a defendant fails to object to the admission of evidence at trial, we review for plain error. *State v. Word*, 755 N.W.2d 776, 781 (Minn. App. 2008); Minn. R. Crim. P. 31.02. "The plain error standard requires that the

4

defendant show: (1) error; (2) that was plain; and (3) that affected substantial rights." *State v. Strommen*, 648 N.W.2d 681, 686 (Minn. 2002). "An error is plain if it was clear or obvious." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006) (quotation omitted). If the three prongs are met, we examine whether the error "seriously affects the fairness and integrity of the judicial proceedings." *State v. Kuhlmann*, 806 N.W.2d 844, 852-53 (Minn. 2011).

Appellant argues that the district court erred in admitting an unredacted copy of the 2012 OFP, which included a finding that appellant had committed an act of domestic abuse by kicking C.E. in the back while in the children's presence. Appellant argues that this evidence is inadmissible under Minn. R. Evid. 404(b), and the state violated the *Spreigl* notice requirement.

Here, the district court did not err in admitting the unredacted 2012 OFP containing evidence of appellant's prior act of domestic abuse. Minn. Stat. § 634.20 (2014) states that:

> Evidence of domestic conduct by the accused against the victim of domestic conduct, or against other family or household members, is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. "Domestic conduct" includes, but is not limited to, evidence of domestic abuse, violation of an order for protection under section 518B.01 . . . "Domestic abuse" and "family or household members" have the meanings given under section 518B.01, subdivision 2.

Here, the challenged facts contained in the 2012 OFP are evidence of domestic conduct under section 634.20. "Domestic conduct" includes instances of domestic abuse, such as

kicking another person. *See id.* The domestic abuse occurred between "household members" under Minn. Stat. § 518B.01, subd. 2(b)(4) (2014), because appellant and C.E. were individuals who had "resided together in the past."

Appellant next argues that because the state did not offer the alleged kicking incident described in the 2012 OFP as relationship evidence during trial, it cannot assert on appeal that it was admissible under section 634.20. But Minn. Stat. § 634.20 does not require the state to file a *Spreigl* notice at trial before admitting the evidence. *See State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004). Hence, the district court did not err in admitting the unredacted 2012 OFP into evidence at trial. Since we discern no error, we need not analyze the remaining prongs. *Strommen*, 648 N.W.2d at 686.

## II. The district court did not err by allowing appellant to stipulate to his prior convictions.

A defendant has the constitutional right to a trial by jury for any offense that is punishable by incarceration. *State v. Fluker*, 781 N.W.2d 397, 400 (Minn. App. 2010); *see* Minn. R. Crim. P. 26.01, subd. 1(1)(a). Minn. R. Crim. P. 26.01, subd. 1(2)(a), states that, with the approval of the court, a "defendant may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury, and after having had an opportunity to consult with counsel." A defendant may waive his right to a jury trial. *Kuhlmann*, 806 N.W.2d at 848. But a defendant's waiver of his jury-trial rights on the elements of an offense must be knowing, intelligent, and voluntary. *State v. Dettman*, 719 N.W.2d 644, 651 (Minn. 2006). Whether a criminal defendant has been denied the

6

right to a jury trial is a constitutional question, which appellate courts review de novo. *See State v. Shattuck*, 704 N.W.2d 131, 135 (Minn. 2005).

Appellant argues that the waiver of his jury-trial rights to the stipulated previous-conviction elements of the charged offenses was not knowing, intelligent, or voluntary.

A "prior conviction is an element which the state must prove at trial and which [the] defendant has a right to have a jury decide." *See State v. Berkelman*, 355 N.W.2d 394, 396 (Minn. 1984). At trial, appellant did not object to the district court's failure to obtain his personal waiver of his right to a jury trial on the previous-conviction elements when it accepted his stipulation to those elements. A defendant's failure to waive his jury-trial rights on a stipulated element of a charged offense is reviewed for plain error. *Kuhlmann*, 806 N.W.2d at 852.

The state was required to prove that appellant had two or more previous qualified domestic violence-related offense convictions within ten years of the current offense. Minn. Stat. §§ 518B.01, subd. 14(d)(1), 629.75, subd. 2(d)(1) (2012); *see also State v. Auchampach*, 540 N.W.2d 808, 816 (Minn. 1995) (holding that the state is required to prove each element of the charged crime beyond a reasonable doubt). But a defendant may waive his right to a jury trial on one element of the offense by "judicially admit[ting] the existence of that element, thereby removing the issue from the case." *Berkelman*, 355 N.W.2d at 397.

At trial, the district court informed appellant that if he stipulated to the prior offenses, the jury would not hear about them. Appellant's counsel queried appellant on the record as to whether he had committed the offenses on the dates in question. But

7

there is no evidence in the record that appellant and his counsel had previously discussed the due-process consequences arising from stipulating to an element of the charged offense, or that appellant expressed a personal desire to waive his right to a jury trial on these elements. The district court erred in failing to obtain appellant's waiver of his jury-trial rights, which is a violation of the requirements of Minn. R. Evid. 26.01, subd. 1(2)(a). *See Kuhlmann*, 806 N.W.2d at 851-52 (holding district court failed to satisfy the requirements of Minn. R. Evid. 26.01, subd. 1(2)(a), when it did not obtain Kuhlmann's personal waiver of his jury-trial rights on the previous-conviction elements of the charged offense). Moreover, this error is plain because the state is required to provide factual proof beyond a reasonable doubt to support the stipulated element. *See Auchampach*, 540 N.W.2d at 816.

However, the error did not affect appellant's substantial rights because it was not prejudicial and did not affect the outcome of the case. *See Kuhlmann*, 806 N.W.2d at 853. The record demonstrates that appellant understood, by nodding his head in affirmance, the district court's explanation as to why he would benefit from stipulating to the prior convictions in order to prevent the jury from learning about them. Further, appellant's failure to raise the issue that he had not waived his jury-trial rights on the stipulated elements could have been a tactical decision. "Decisions about objections at trial are matters of trial strategy." *Leake v. State*, 737 N.W.2d 531, 539 (Minn. 2007). Moreover, appellant does not dispute the existence of the convictions and the state could have easily proved the prior offenses. It was in appellant's best interests to stipulate to

8

these elements, and it did not affect the outcome of the trial. *See Kuhlmann*, 806 N.W.2d at 853.

**III.    There is sufficient evidence to support appellant's conviction for felony violation of a DANCO.**

An appellate court reviews insufficient evidence claims by determining whether the evidence, viewed in a light most favorable to the conviction, would allow the jury to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

Appellant argues that because the stipulation was invalid, the state failed to offer evidence of two qualifying domestic-related offenses in order to prove that he violated the terms of the DANCO. *See* Minn. Stat. § 629.75, subd. 2(d)(1). But appellant cannot remove the prior convictions from being introduced at trial through a stipulation and then, on appeal, claim there is no evidence to establish those elements. *See Berkelman*, 355 N.W.2d at 397 n.2 ("By judicially admitting the existence of the element of the prior conviction, the defendant removes that issue from the case."). Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence in the record to support appellant's conviction for felony violation of a DANCO. *Webb*, 440 N.W.2d at 430.

**IV.    Appellant was not deprived of a fair trial.**

"Cumulative error exists when the 'cumulative effect of the . . . errors and indiscretions, none of which alone might have been enough to tip the scales, operate to the defendant's prejudice by producing a biased jury.'" *State v. Penkaty*, 708 N.W.2d 185, 200 (Minn. 2006) (quoting *State v. Johnson*, 441 N.W.2d 460, 466 (Minn. 1989)).

Appellant argues that the accumulation of errors, including the improper admission of the unredacted 2012 OFP and appellant's stipulation to the previous-conviction offenses, deprived him of a fair trial. Here, we found only one error that did not affect appellant's substantial rights. Appellant's cumulative-error argument is not persuasive because the record does not reflect a series of cumulative errors. Nonetheless, the facts show appellant was provided a fair trial.

**Affirmed**.