STATE of Minnesota, Respondent

v.

Roger Gordon CLARK, Appellant.

No. C3–85–318.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Warren Kochis, Ann M. Gustafson, Asst. County Atty., Willmar, for respondent.

John Mack, New London, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Roger Gordon Clark appeals from a conviction for aggravated DWI, Minn.Stat. § 169.121, subd. 1(a) and 3(a) (1984); aggravated violations, Minn.Stat. § 169.129 (1984); and unlawful acts, Minn.Stat. § 171.22(5) (1984). Appellant claims the

trial court erred by allowing evidence of a prior DWI conviction to be submitted to the jury when he had offered to stipulate unequivocally to the conviction with regard both to the aggravated DWI charge and the aggravated violations charge. He also contends the trial court's refusal to allow one of appellant's witnesses to testify as a sanction for non-disclosure of the witness was unconstitutional. Finally, appellant argues the trial court erred in applying bail to the satisfaction of his fine since his attorney had filed a lien on the bail. We reverse on the submission to the jury of the prior DWI conviction, and therefore do not reach appellant's constitutional claim.

## FACTS

Shortly after midnight on August 8, 1984, Deputy Ronald Konieska of the Kandiyohi County Sheriff's Department stopped a pickup truck driven by appellant after observing it traveling very slowly and weaving in and out of its proper traffic lane. Deputy Konieska testified appellant identified himself as Ricky Glenn Clark and said he did not have his driver's license with him.

Deputy Konieska suspected appellant was under the influence of alcohol and decided to take him into custody in order to test him pursuant to Minn.Stat. § 169.123 (1984). At that moment, the New London, Minnesota, Chief of Police arrived on the scene. He recognized appellant and informed Deputy Konieska of his true identity. Appellant was transported to Willmar where, after consulting with an attorney, he refused to take a breathalyzer test. A driver's license check under appellant's real name revealed his license had been revoked because of a 1984 DWI conviction.

Appellant was charged with violating the above enumerated statutes. Prior to trial, the parties agreed to stipulate with regard to the aggravated DWI charge that appellant had a prior DWI violation. This would allow the court to find appellant guilty of a gross misdemeanor and sentence him under § 169.121, subd. 3(a), if the jury convicted

him of simple DWI. The trial court accepted that stipulation.

The appellant also offered to stipulate that his driver's license was revoked prior to August 8, 1984, and that it was revoked as a result of the prior DWI conviction for purposes of Minn.Stat. § 169.129. The State objected, arguing it would be prejudiced by the stipulation because it would remove from the jury's consideration two of the three elements of the offense. The court allowed evidence of appellant's prior DWI conviction and resulting driver's license revocation to be presented to the jury in connection with the aggravated violations charge (§ 169.129).

The jury found appellant guilty of all three offenses. The court applied appellant's bail to the fine imposed pursuant to Minn.Stat. § 629.53. Appellant's counsel objected, arguing that his previously filed attorney's lien gave him a priority interest in the bail.

## ISSUES

1. Whether the trial court erred in not allowing appellant to stipulate to his prior DWI conviction and revoked license status, thereby removing those elements of Minn. Stat. § 169.129 from the jury's consideration.

2. Whether the trial court erred by applying appellant's bail to the satisfaction of his fine when appellant's attorney had previously filed a Notice of Attorney's lien on the bail.

## DISCUSSION

### I

The appellate courts of the State of Minnesota have addressed the issue of stipulations to prior DWI convictions four times in the past year. *See State v. Berkelman,* 355 N.W.2d 394 (Minn.1984); *State v. Braun,* 354 N.W.2d 886 (Minn.Ct.App. 1984); *State v. Clark,* 361 N.W.2d 104 (Minn.Ct.App.1985); *State v. Eliason,* 361 N.W.2d 103 (Minn.Ct.App.1985). In each of these cases, it was held that the trial court must accept an unequivocal judicial admis-

sion of a prior DWI and let the defendant remove from the jury the issue of whether he had prior DWI convictions.

The above cases dealt with violations of Minn.Stat. § 169.121, subd. 3(a), (aggravated DWI) and not the aggravated violations statute, Minn.Stat. § 169.129 in issue here.[1] However, the supreme court's analysis in *Berkelman* focused primarily on the law of evidence, not statutory construction of § 169.121, subd. 3(a). It was the severely prejudicial effect of evidence of prior DWI convictions which prompted the rule in *Berkelman*. As the court noted:

> If a defendant is willing to concede that he has a prior DWI conviction, we fail to see why the evidence, with its great potential for being improperly used, should be admitted, unless, of course, the evidence is admissible under Rule 404(b) as evidence relevant to some disputed issue.

*Berkelman*, 355 N.W.2d at 397 n. 2.

■ The trial court apparently accepted the stipulation of the prior DWI for purposes of the aggravated DWI charge, but refused the stipulation for purposes of the aggravated violations statute. We also note that there is little point in accepting the stipulation to the prior DWI for purposes of the aggravated DWI charge, only to allow evidence of the prior DWI to be admitted for purposes of the aggravated violations charge. We think the court in *Berkelman* was instructing that where any criminal statute requires proof of a prior DWI conviction in order to prove the offense, the trial court must accept an unequivocal judicial admission of a prior DWI by the defendant. Since proving a violation of § 169.129 in this case necessitated proving a prior DWI conviction, it was error for the trial court to refuse to allow

defendant to stipulate to the existence of his prior DWI conviction.

■ The trial court also refused to allow the defendant to stipulate that his license was revoked, which is another element of § 169.129. The general rule is that a criminal defendant's judicial admission or offer to stipulate does not necessarily take away the state's right to offer evidence on a point. *State v. Davidson*, 351 N.W.2d 8 (Minn.1984); *Berkelman*, 355 N.W.2d at 397. *Berkelman* and *Davidson* therefore represent limited exceptions to this general rule.

■ We believe, however, that an offer to stipulate to a prior license revocation in a prosecution under § 169.129 falls within the *Berkelman* exception. If the jury is informed that a defendant charged with driving under the influence had a revoked license at the time, we think there is serious risk that the jury will infer the defendant has a prior DWI and utilize that inference in determining the guilt of the defendant. The potential of such evidence for unfair prejudice is identical to the prejudice induced by evidence of a prior DWI conviction. We hold, therefore, that the trial court must allow the defendant to stipulate to the prior revocation of his driver's license unless the prejudicial effect of this evidence is outweighed by its probative value to some disputed issue.[2]

■ Nor can this error be considered harmless. Error in the reception of evidence will only be disregarded "if there is no reasonable possibility that the evidence complained of might have contributed to the conviction," or when the defendant's guilt was "conclusively proven." *State v.*

---

1. Minn.Stat. § 169.129 states:

   Any person who drives, operates, or is in physical control of a motor vehicle, the operation of which requires a driver's license, within this state in violation of section 169.121 * * before his driver's license or driver's privilege has been reinstated following its cancellation, suspension or revocation (1) because he drove, operated, or was in physical control of a motor vehicle while under the influence of alcohol or a controlled substance or while he

had an alcohol concentration of 0.10 or more or (2) because he refused to take a test which determines the presence of alcohol or a controlled substance when requested to do so by a proper authority, is guilty of a gross misdemeanor.

2. The effect of allowing such a stipulation in a prosecution under § 169.129 is "that the case will be submitted to the jury as an ordinary DWI case." *Berkelman*, 355 N.W.2d at 397 n. 2.

*Fratzke*, 354 N.W.2d 402, 409 (Minn.1984) (quoting *State v. Paige*, 256 N.W.2d 298, 302 (Minn.1977); *State v. Hutchison*, 121 Minn. 405, 409, 141 N.W. 483, 484 (1913)). Here, Clark did not take a breath test. The evidence of intoxication was entirely observation testimony by police officers. We cannot conclude from the record that appellant's guilt was so "conclusively proven" that we may disregard the erroneous reception of the prior DWI conviction and license revocation. Given the highly prejudicial nature of this evidence, we conclude that there is reasonable doubt that the erroneously admitted evidence contributed to the verdict. *See State v. Johnson*, 294 N.W.2d 848 (Minn.1980). Therefore, a new trial must be granted on the charges of aggravated DWI, § 169.121, subd. 1(a) and 3(a), and aggravated violations, § 169.129.

■ While appellant challenged his conviction for unlawful acts under § 171.22(5), he presents no argument on appeal as to why that conviction should be overturned. That judgment is therefore affirmed.

## II

■ Appellant next claims that the trial court erred in applying appellant's bail to the payment of his fine where appellant's attorney had previously filed a notice of attorney's lien on the bail. It should be initially noted that appellant has questionable standing to raise this claim, which seems to be an assertion of his attorney's contractual rights. The attorney, of course, is not a party to this action. We see little evidence of an injury in fact to the appellant as a result of his bail going to pay his fine instead of his attorney; in either event, appellant has parted with the money. *See Snyder's Drug Stores, Inc. v. Minnesota State Board of Pharmacy*, 301 Minn. 28, 32–33, 221 N.W.2d 162, 165–66 (1974) ("injury in fact" concept adopted as test for standing). The purpose of the doctrine of standing, however, is to "guarantee that there is a sufficient case or controversy between the parties so that the issue is properly and competently presented to the court." *Twin Ports Convales-*

*cent, Inc. v. Minnesota State Board of Health*, 257 N.W.2d 343, 346 (Minn.1977) (quoting *Minnesota State Board of Health v. City of Brainerd*, 308 Minn. 24, 30, 241 N.W.2d 624, 628 (1976)). While we have some misgivings that no memoranda were supplied by the parties to the trial court on this issue, we are satisfied that the parties have competently presented the issue to this court and we will address the merits.

■ We have serious doubts that Minn. Stat. § 481.13 (1984) extends beyond civil actions, but we will nevertheless undertake a construction of the statute to determine if the lien can attach to cash bail. The statute grants an attorney's charging lien on "the cause of action and on the client's interest in any money or property involved in or affected by any action or proceeding in which he may have been employed, and on the judgment." *Boline v. Doty*, 345 N.W.2d 285, 289 (Minn.Ct.App.1984).

■ We think it plain that cash bail is not a "judgment" within the meaning of the statute. The lien on a "cause of action" only attaches to the client's cause of action. *Lafleur v. Schiff*, 239 Minn. 206, 58 N.W.2d 320 (1953). Since only plaintiffs or defendants with counterclaims possess causes of action, appellant, as a criminal defendant, possesses no cause of action to which the lien could attach.

■ Therefore, in order for the lien to attach, the attorney must have been employed in an action or proceeding which involved or affected the client's interest in any money or property. In order for the lien to attach under this provision of the statute, the client's interest in money or property must have been an issue in the action or proceeding. *See Crolley v. O'Hare International Bank*, 346 N.W.2d 156 (Minn.1984); *Schroeder, Siegfried, etc. v. Modern Electronic*, 295 N.W.2d 514 (Minn.1980).

■ In this case, the appellant's interest in the cash bail is not an issue in the proceeding; whether or not appellant violated certain criminal statutes is the sole issue in the proceeding. We conclude,

therefore, that the statute does not grant a charging lien on appellant's bail held by the court.

## DECISION

Appellant must be allowed to stipulate both to his prior DWI conviction and the revocation of his driver's license in a prosecution under Minn.Stat. § 169.129. Appellant's attorney may not assert a lien pursuant to Minn.Stat. § 481.13 on appellant's bail in the possession of the court.

Affirmed in part, reversed in part, and a new trial granted on the aggravated DWI and aggravated violations statute. Bail is ordered reinstated except as to any bail applied to pay the fine for the unlawful acts conviction.