**STATE of Minnesota, Appellant,**

**v.**

**Juan Peter LOPEZ, Jr., Respondent.**

**No. C8–86–373.**

Court of Appeals of Minnesota.

July 1, 1986.

Edward P. Starr, City Atty., Michael F. Driscoll, Pamela F. Hutton, Asst. City Attys., St. Paul, for appellant.

Frederic Bruno, Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ. with oral argument waived.

## OPINION

LESLIE, Judge.

The State of Minnesota appeals pursuant to Minn.R.Crim.P. 28.04 from a pretrial order of the municipal court allowing the defense to unilaterally stipulate to a jury of six and refusing to allow the State to introduce certain evidence of observations made by the police officer. We reverse.

## FACTS

At 12:58 a.m. on August 15, 1985 near the vicinity of Grotto and Aurora, St. Paul Police Officer Eric Anderson observed respondent Juan Peter Lopez, Jr. driving an automobile in which the right rear tire was flat. Respondent was driving on the metal rim, which made a loud metallic grating noise and caught the officer's attention.

Upon approaching the car, the officer reported observing respondent move in a slow, exaggerated way while having difficulty finding the door handle. When respondent left the car, Officer Anderson reportedly smelled alcohol on respondent's breath and observed poor balance. When asked to produce a driver's license, the officer observed a Minnesota identification card directly on top in the wallet. The officer's report indicated that respondent fumbled with the wallet for several minutes. The officer also reported that respondent's eyes were red and glassy, and that his eyelids were drooping.

Officer Anderson determined that respondent was unaware of driving with a flat tire. Eventually, respondent admitted to the officer that his license had been revoked for a prior DWI conviction a few months earlier. Officer Anderson arrested respondent and read him the Miranda warning. Respondent was taken to police headquarters, where he refused to submit to a breath test. He was videotaped before contacting an attorney.

Respondent was charged with a gross misdemeanor for driving while under the

influence of alcohol during a time when his driver's license had been revoked for a prior alcohol-related driving offense, Minn. Stat. § 169.129 (1984). Respondent was also charged with a gross misdemeanor for driving while under the influence of alcohol for the second time within a five-year period, Minn.Stat. § 169.121, subd. 1(a), subd. 3(a) (1984).

During pretrial discussions after the omnibus hearing, the court allowed, over the State's objection, a unilateral consent on the part of the defense to reduce the number of jurors from twelve to six. In addition, the court determined that the State could not introduce certain evidence of observations made by the police officer because of respondent's stipulation to a prior alcohol-related conviction within five years and the revocation of his license.

## ISSUES

1. Did the trial court err in granting respondent's request to reduce the number of jurors at trial from twelve to six?

2. Did the trial court err in restricting the police officer's testimony at trial?

## ANALYSIS

1. The State argues that the trial court erred in granting respondent's request for a trial by a jury of six in the absence of an agreement by the State to do so. Minn. Stat. § 593.01, subd. 2 (1984) provides that if the offense charged is a gross misdemeanor or a felony, the number of jurors is twelve,[1] "unless the *defendant* consents to a jury of six." (Emphasis added). Minn.R. Crim.P. 26.01, subd. 1(4), provides as follows:

> [T]he *parties*, with the approval of the court, *may stipulate* that the jury shall consist of a lesser number than that provided by law. The court shall not approve such a stipulation unless the defendant * * * agrees to trial by such reduced jury.

1. The 1986 legislature amended Minn.Stat. § 593.01, subd. 2, effective August 1, 1986, to provide for a jury of six where the offense charged is a gross misdemeanor. 1986 Minn. Sess.Law Serv. ch. 435, § 5 (West).

(Emphasis added). The State claims that there is no conflict between the rule and the statute, arguing that both contemplate an "offer" made by either the State or the defense which the other party, with the approval of the court, may "accept." We reject this argument because it is clear that the rule and the statute conflict.

■ Although not cited by the parties, the enabling legislation for the Rules of Criminal Procedure directly addresses this problem.

> Present statutes relating to the pleadings, practice, procedure, and the forms thereof in criminal actions shall be effective until modified or superseded by court rule. *If a rule is promulgated pursuant to this section which is in conflict with a statute, the statute shall thereafter be of no force and effect.*

Minn.Stat. § 480.059, subd. 7 (1984) (emphasis added). This provision includes a list of statutes that remain in full force and effect notwithstanding any rule. The list does not include the statute at issue here, Minn.Stat. § 593.01. The Minnesota Supreme Court, in two recent cases, has stated that in matters of procedure, the Minnesota Rules of Criminal Procedure take precedence over Minnesota statutes to the extent there is any inconsistency. *State v. Cermak*, 350 N.W.2d 328, 331 (Minn.1984); *State v. Keith*, 325 N.W.2d 641, 642 (Minn. 1982). Because the issue of the number of jurors is procedural, Rule 26.01 controls and both parties must consent before the court approves a reduction to six.

Respondent argues that although the rule intimates that an agreement between the parties is necessary before a jury of six is allowed, the rule never contemplated the situation in this case because it is generally thought that a larger jury is in the defense's favor. Respondent reasons that because a unilateral motion by the defense is not within the purview of the rule, such a request is within the discretion of the court. In addition, respondent claims that a six-person jury saves judicial resources, which is consistent with the goals expressed in Minn.R.Crim.P. 1.02. Finally, respondent argues that because defendants, with approval by the court, may waive their right to a jury trial without the agreement of the State under Minn.R. Civ.P. 26.01, subd. 1(2), it is inconsistent to not allow them the same unilateral ability with respect to the number of jurors.

■ We decline to look beyond the clear language of Rule 26.01. There are presumably various reasons why the State and a defendant would desire a different number of jurors. We do not find it unreasonable to require both parties to stipulate to a reduced number. Because the State in this case refused to stipulate to a reduced number, Rule 26.01 dictates that the jury consist of the number provided by law.[2]

2. The State next argues that the trial court erred by prohibiting the introduction into evidence of any statements by the police officer regarding respondent's "fumbling" through his wallet. The basis for the ruling was that the evidence would constitute an impermissible reference to the fact of respondent's stipulation to the revocation of his driver's license for a prior alcohol-related offense. *See State v. Berkelman*, 355 N.W.2d 394, 397 (Minn.1984); *State v. Clark*, 375 N.W.2d 59, 62 (Minn.Ct. App.1985). The State argues for a more narrow ruling, that it be precluded only from raising the subject of a driver's li-

---

2. We reject respondent's argument that the trial court's error, if any, must not be reversed on appeal unless it will have a "critical impact" on the outcome of the trial. In *State v. Webber*, 262 N.W.2d 157 (Minn.1977), relied on by respondent, the court applied the "critical impact" test to a suppression of testimony concerning the identification of the defendant and statements made by another to the defendant. The purpose of this test is "to measure the degree of harm to the state that will result from the suppression of evidence ordered after an Omnibus Hearing." *Id.* at 159. In *City of Bemidji v. Harr*, 368 N.W.2d 359, 360 (Minn.Ct.App.1985), this court ruled that the critical impact requirement of *Webber* did not apply in the case of a pretrial order requiring the complainant in a shoplifting trial to be deposed by defense counsel. Similarly, the critical impact test would not apply to the nonevidentiary ruling on the number of jurors.

cense, revocation, or conviction. Thus, the State requests that the officer be allowed to testify to the length of time in which respondent fumbled through his wallet, respondent's stance during this time, and respondent's inability to find and remove any "identification." The State contends that such evidence is nontestimonial in nature and that the prejudicial impact would not outweigh the probative value.

Officer Anderson reported the following observations:

> I asked to see his DL [driver's license] and he removed a large wallet and opened it. I observed a MN ID card with his picture on it on top in the first pocket of the wallet. He fumbled for several minutes and was unable to locate it. I finally pointed it out to him and he fumbled for another minute or 2 trying to remove it.

> \*    \*    \*    \*    \*    \*

> I asked if Lopez had a DL or only the ID. He stated he's been revoked for DWI a couple months ago. I read him his rights per Miranda which he stated he understood.

Under the trial court's ruling, the city attorney would be permitted to ask the police officer the following leading question: "Was there fumbling in the wallet as he produced that information to you?" The trial court would permit the officer to answer "yes" or "no." The court refused to allow the city attorney to characterize that fumbling as showing respondent's truth and veracity or to mention that this fumbling lasted for two minutes. The court reasoned that this ruling was in accord with *Clark* and *Berkelman* because it "allows some information relative to fumbling, which is an observation, and it minimizes the risk of emphasizing in any way, shape or form the Minnesota ID versus the driver's license."

■ Although we share the trial court's concern, we find that the court erred in excluding all observations regarding respondent's alleged fumbling with his wallet. We recognize that the State has available to it other DWI indicia, such as observations of respondent's red and glassy eyes, drooping eyelids, and odor of alcohol. Nevertheless, the primary indicia were the observations made with regard to respondent's stance while fumbling and the time span in which he fumbled. In addition, *Clark* and *Berkelman* require only that the jury not be informed that a defendant charged with driving under the influence had a revoked license at the time. The cases in no way indicate that observations of a defendant's behavior by a police officer must also be excluded. We are concerned, however, that the State not disclose the nature of the object for which respondent was fumbling. Consequently, although the police officer may testify at trial as to his observations, the officer must not disclose that respondent was fumbling for a state identification as opposed to a driver's license.

## DECISION

The trial court erred in its pretrial order allowing respondent to unilaterally consent to a reduction in the number of jurors and restricting the testimony of the police officer regarding his observations of respondent. Respondent's request for attorney's fees in the amount of $1,616.60 is granted, pursuant to Minn.R.Crim.P. 28.04, subd. 2(6), and shall be paid by the County of Ramsey.

Reversed.