**STATE of Minnesota, Respondent,**

v.

**Jeffrey Ernest CARNAHAN, Appellant.**

**No. C0–91–1046.**

Court of Appeals of Minnesota.

March 17, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Judith H. Dutcher, Lang, Pauly & Gregerson, Ltd., Eden Prairie, for respondent.

Michael H. Daub, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and PARKER and STONE,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant was charged with aggravated DWI in violation of Minn.Stat. § 169.129 (1990) (DWI while license revoked). He was additionally charged with three alternative counts of gross misdemeanor DWI in violation of Minn.Stat. § 169.121, subds. 1(a), 1(d), 1(e) (1990), more severely punishable because of his prior convictions. Minn.Stat. § 169.121, subd. 3(b) (1990). To simplify trial proceedings appellant offered to stipulate on his prior convictions and the revoked status of his license.[1] *See State v. Berkelman*, 355 N.W.2d 394, 397 (Minn. 1984) (in gross misdemeanor DWI prosecution, defendant's offer to stipulate to prior convictions prevents admission of this prejudicial evidence); *State v. Clark*, 375 N.W.2d 59, 61–63 (Minn.App.1985) (consistent with *Berkelman*, defendant charged with aggravated DWI permitted to avoid evidence on status of license).

Notwithstanding the stipulation, the state proposed and the defense agreed that the complaint be amended to include a misdemeanor accusation of driving after revocation (DAR) and that this offense be tried with the DWI. *See* Minn.Stat. § 171.24 (1990). As a result, the trial court overruled defense objections to admission of evidence at trial regarding the revoked status of appellant's license. Appellant claims this was reversible error. We disagree and affirm.

## FACTS

Appellant was found in a parked car on June 7, 1990 and was subsequently charged with several counts of DWI, premised on his alleged physical control of his motor vehicle. Appellant pleaded not guilty on four DWI counts. Trial proceedings were scheduled for April 1991.

Prior to the jury trial, the state added the additional DAR charge. In addition to stipulating to his prior DWI convictions used to enhance the misdemeanor violations to gross misdemeanors, appellant stipulated that his driving privileges were revoked on June 7, 1990 and that he had received notice of the revocation. However, when asked by the trial court whether or not the DAR charge should be tried with the DWI accusation, appellant stated he had no problem with informing the jury he had been charged with DAR.

The trial court admitted evidence of the revoked status of appellant's license by informing the jury of his stipulation. This was the first evidence received at trial. The trial court overruled a defense objection to the admission of the stipulation contents. On the revocation facts, the court reasoned that because the accusation of driving was disputed, and because the jury had to decide whether appellant committed the DAR offense, evidence of license revocation should be presented to the jury.

At the close of the evidence, before jury deliberations, the defense moved for dismissal of the DAR charge, contending there was inadequate evidence of driving. The trial court granted the motion, leaving to the jury only the DWI counts. Appellant was convicted of all four counts.

## ISSUE

■ Was it reversible error to admit evidence that appellant's driver license was revoked at the time he was apprehended?

## ANALYSIS

Rulings on evidentiary matters rest within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *State v. Olkon*, 299 N.W.2d 89, 101–02 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Appellant also stipulated on all accusations in the complaint other than the claim appellant was driving or physically controlling the motor vehicle he occupied. Over appellant's objection, the trial court read the entire stipulation to the jury, excepting only the portion on prior convictions. However, appellant asserts error only on disclosure of the stipulated fact that his license remained revoked at the time of the alleged offenses.

L.Ed.2d 119 (1981). We conclude the trial court did not abuse its discretion and affirm appellant's convictions.

▮ Normally, a criminal defendant's judicial admission or offer to stipulate does not take away the state's right to offer evidence on a point. *State v. Wiley,* 295 Minn. 411, 421, 205 N.W.2d 667, 675 (1973). However, occasions have been recognized where the defendant may stipulate on inflammatory facts to prevent evidence on these elements of an offense. *See State v. Davidson,* 351 N.W.2d 8, 10–12 (Minn.1984) (prior conviction evidence where defendant accused as felon in possession of handgun). In gross misdemeanor and aggravated DWI cases, the defendant is entitled to a simplified DWI trial. *State v. Berkelman,* 355 N.W.2d 394, 397 (Minn.1984) (gross misdemeanor DWI); *State v. Clark,* 375 N.W.2d 59, 62 (Minn.App.1985) (aggravated DWI). The *Berkelman* court stated that when a defendant judicially admits the existence of the element of prior conviction for DWI, the case may be submitted to the jury as an ordinary DWI case. *Berkelman,* 355 N.W.2d at 397 n. 2. Because the jury will not know that a prior conviction is an element of the offense, there is no risk that the jury will wrongfully conclude that the element has not been proven. *Id.*

Appellant contends he was deprived of his right to a simplified trial which he should have been able to enjoy in a prosecution under Minn.Stat. § 169.121 (1990). However, for precisely the reasons given by the trial court, appellant's argument is unconvincing in the circumstances of this case. This trial was complicated by the decision to try both the DWI and DAR charges together, a situation which came about because appellant denied driving and thus did not admit to the DAR offense. Under these circumstances, the trial court did not err.[2]

Applying the rationale of *Davidson, Berkelman* and *Clark,* involves critical consideration of the jury instruction once the court has permitted omission of evidence on an element of the accusation. In *Davidson,* where the defendant was charged as a felon possessing a handgun and admitted his criminal record, the supreme court suggested an instruction that the defendant admitted he was not entitled to possess a pistol. *Davidson,* 351 N.W.2d at 12. In gross misdemeanor and aggravated DWI cases, the jury is given only a simple DWI issue where aggravating elements have been admitted. How might the trial court present a DAR accusation to permit some advantage for the defendant? Two alternatives can be imagined.

First, the court could attempt to follow the example of *Davidson,* telling the jury the defendant admitted he was not entitled to drive a vehicle. This instruction, however, suggests nothing different than evidence on a revoked license; revocation or its equivalent are necessarily implied by the instruction. No such problem was involved in *Davidson,* since the *Davidson* instruction that the defendant could not legally possess a pistol did not imply a prior conviction.

Alternatively, appellant suggests the trial court might have tried only the issue of driving and determined the DAR accusation by submitting an interrogatory to the jury on the driving issue. Such a result would involve the anomaly of attempting to have a jury in criminal proceedings determine whether driving had occurred, a finding on a legitimate activity. An interrogatory on a special issue such as this would substantially alter the role of the jury as the arbiter of fact to determine whether a defendant in a criminal case is guilty or not guilty. We conclude that the trial simplification doctrine of *Davidson, Berkelman* and *Clark* is untenable in the disposition of a DAR accusation.

Appellant claims the development of events in this case deprived him of a fair trial. The equity of his plea is significant.

**2.** We also recognize there is a significant question whether the admission of the evidence was harmless. Appellant observes that evidence on revocation and prior conviction is considered especially prejudicial. *State v. Berkelman,* 355 N.W.2d at 397 n. 2; *State v. Clark,* 375 N.W.2d at 62. However, the only contested issue at trial in this proceeding was whether appellant was in physical control or driving. Because this was the only issue, appellant's argument on harmless error is weakened.

Because the trial involved litigation of a DAR accusation, appellant lost a benefit under the law he otherwise would have enjoyed. Revocation evidence was admitted as the necessary consequence of his agreement that the DAR offense could be tried in the same proceeding. Even more unfortunate, it appears in this case the DAR charge was unfounded because the state had little or no evidence that appellant was driving. The DAR charge was dismissed prior to the jury's deliberation. However, the troublesome nature of these circumstances does not permit another result. The trial court was duly trying a DAR charge and could properly allow evidence on a fundamental ingredient of that accusation, the allegation that appellant's license was in fact revoked.

Finally, appellant contends that the trial court's decision invites a prosecutorial tactic of including misdemeanor DAR charges in any prosecution under Minn.Stat. § 169.-129 (aggravated DWI). This hazard is overstated. The DAR charge was not tried with the DWI charge here simply because the prosecution proposed that procedure. The defense agreed that the DAR charge could be so tried. In the circumstances here, the defense in effect waived its right to limit evidence. We see no reason to anticipate defense agreements of this kind in the future, nor is it evident that trial courts in similar circumstances should or could permit the state, as a matter of right, to jointly try the two accusations.

### DECISION

Because we believe the admission of evidence concerning the revocation of appellant's driver license was within the trial court's discretion in the circumstances of this case, we affirm appellant's convictions.

Affirmed.